AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT

5/14/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ BOM _____ DEPTUY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

05/14/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ts _____ DEPUTY

|  |  |
|---|---|
| United States of America<br><br>v.<br><br>Jeffery Carrion,<br>  aka "Trip,"<br><br>Defendant. | Case No.   2:26-mj-02902-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Jonas Muñiz, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about October 24, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

 *Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Jonas Muñiz*
*Complainant's signature*

Jonas Muñiz, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date:   May 14, 2026

*Judge's signature*

City and state:   Los Angeles, California      The Hon. Stephanie S. Christensen, U.S. Magistrate Judge
*Printed name and title*

AUSA: Christina R.B. López x2475

**AFFIDAVIT**

I, Jonas Muñiz, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of a criminal complaint and arrest warrant against Jeffrey Carrion ("CARRION"), also known as "Trip," for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

2.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, all amounts are approximate, and all dates and times are on or about those indicated.

### II. BACKGROUND OF AFFIANT

3.  I am a police officer with the Los Angeles Police Department ("LAPD") and a Task Force Officer ("TFO") with Homeland Security Investigations ("HSI"). I have been employed as a police officer for approximately nine years. I am currently assigned to the LAPD, Harbor Area Narcotics Enforcement Detail as an investigator. I also earned a bachelor's degree in Criminal Justice from Cal State University, Fullerton.

4.  Since joining the LAPD in 2016, I have received training in investigating violations of criminal law, including drug trafficking and firearms-related offenses. During my time with LAPD,

I have participated in investigations relating to narcotics and firearms offenses, as well as how those offenses relate to organized crime. I have also participated in various aspects of criminal investigations, including the issuance of subpoenas, reviewing evidence, conducting electronic surveillance as well as physical surveillance, working with informants, working in an undercover capacity during investigations, and the execution of search and arrest warrants. I have additionally interviewed and debriefed informants and witnesses who had knowledge regarding the subject matters of the investigations in which I have been involved, including narcotics and firearms offenses. I have also analyzed financial and business records and executed search warrants for premises, computers, video surveillance DVRs, and cell phones. I have received training to review and analyze recorded conversations and debriefed cooperating drug traffickers.

5.    I have participated in numerous investigations involving violent crime, drug trafficking organizations, large-scale street gangs, and outlaw motorcycle street gangs, including gang investigations that have involved court-authorized interception of wire, oral, and electronic communications. I have become familiar with the methods, language, structures and criminal activities of street gangs and outlaw motorcycle street gangs operating within the Harbor Area and throughout Southern California. I have become familiar with the street and leadership-level activities of these gangs. I have also attended a 40-hour training course, the Institute of Criminal Investigations Gang Investigation Course, in which a more in-depth training was provided. I have become familiar with the types and amount of profits made by narcotic traffickers and the

methods, language, and terms that are used to disguise the source and nature of profits made from their illegal narcotics dealing.

6.    During my career so far, I have interviewed numerous gang members and narcotics dealers in the investigations I have worked. I have consulted with other senior narcotics and gang investigators and detectives who have extensive training and experience in criminal enterprises and financial investigations. I have executed numerous search warrants for gang and narcotic investigations, seeking evidence of trafficking and controlled substances, weapons violations, gang indicia, and violent crimes. I am a court-qualified narcotics expert in the California State Court and a member of the California Narcotic Officers Associations.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

7.    Based on conversations with other law enforcement officers, review of reports, and my own personal knowledge of the investigation, I know the following:

**A.    Officers Execute a Search Warrant at the Gang-Controlled Motorcycle Shop Where CARRION Lives**

8.    On October 22, 2025, the Honorable Judge Maral Injejikian, of the Los Angeles County Superior Court, signed a search warrant for 440 South Pacific Avenue, San Pedro, California 90731, a motorcycle shop believed to be used by the Vagos outlaw motorcycle gang and controlled by CARRION. The warrant was executed on October 24, 2025.

9.    On that day, law enforcement agents announced themselves from outside and directed everyone inside the location to exit the motorcycle shop. After numerous announcements, CARRION exited the shop and was detained pending execution of the search warrant.

10.  During the search of the motorcycle shop, law enforcement officers discovered a Rossi, model M68, .38 caliber revolver, bearing serial number D541026 (the "Rossi revolver"), in the top drawer of a mechanic's toolbox. The Rossi revolver was loaded with four rounds of .38 special caliber ammunition stamped "WINCHESTER" and one round of .38 special caliber ammunition stamped "FEDERAL."

11.  Live ammunition of various calibers was also discovered during the search, including but not limited to: (1) six rounds of Winchester .357 caliber ammunition on top of the toolbox; and (2) 20 rounds of Hornady .410 caliber ammunition, 33 rounds of Remington .410 caliber ammunition, and nine rounds of SIG 9mm caliber ammunition on top of the dresser in a bedroom in the back of the motorcycle shop. CARRION's belongings, including prescribed medication bottles, personal credit cards with his name printed on them, a CDC inmate identification card, and Vagos Motorcycle Street Club posters with his face printed on them, were inside the bedroom. The bedroom door also had a personalized Vagos Motorcycle Club sign with his moniker, "Trip," printed on it.

12.  In an upstairs loft of the motorcycle shop, accessible from a door leading directly outside, law enforcement also discovered: (1) a V. Bernardelli, model 60, 7.65mm caliber semi-automatic firearm, bearing serial number A52509; (2) a Marlin Firearm Co., model Glenfield 60, .22 caliber semi-automatic rifle, bearing serial number 27103545; (3) a Snake Chamber, model II, 410-gauge shotgun, bearing serial number 7540; and (4) a BSA, model NSW, 32.20 caliber lever action rifle, bearing serial number 75572.

13.  During a Mirandized recorded interview that I have reviewed, CARRION admitted that the Rossi revolver was his. He

described both the firearm and its location. CARRION also stated that the ammunition found in his room belonged to him. CARRION denied ownership of all other firearms discovered at the location. CARRION admitted that he knew he was not allowed to possess any firearms or ammunition due to his prior convictions.

**B.    CARRION Is a Convicted Felon**

14.    I reviewed CARRION's criminal history and learned that he has the following felony convictions:

a.    Voluntary Manslaughter, in violation of California Penal Code Section 192(A), in the Superior Court of the State of California, County of Los Angeles, case number XSWYA040927, on or about August 18, 2000.

b.    Grand Theft Auto, in violation of California Penal Code Section 487(d)(1), in the Superior Court of the State of California, County of Los Angeles, case number XNOMA076950, on or about October 21, 2021.

c.    Carrying a Concealed Firearm, in violation of California Penal Code Section 25400(a)(1), (c)(1), in the Superior Court of the State of California, County of Orange, case number 20WF1734, on or about October 22, 2021.

d.    Prohibited Person in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Orange, case number 20WF1734, on or about October 22, 2021.

e.    Prohibited Person in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Orange, case number 20WF1734, on or about October 22, 2021.

C.  **The Firearm and Ammunition CARRION Possessed Traveled in and Affected Interstate Commerce**

15.  On February 2, 2026, Federal Bureau of Investigation Special Agent Paul Sanchez examined the Rossi revolver, and the ammunition loaded in that firearm.

16.  Special Agent Sanchez concluded that the Rossi revolver was manufactured by Rossi, also known as Amedeo Rossi, internationally. Since the firearm was not manufactured in California but was recovered in California, Special Agent Sanchez concluded that it must have been shipped or transported in interstate or foreign commerce.

17.  Special Agent Sanchez concluded that the four rounds of .38 special caliber ammunition stamped "WINCHESTER" found inside the Rossi revolver were manufactured by Winchester in Mississippi, Illinois, Missouri, Kentucky, Nebraska, Oregon, Connecticut, or internationally. Special Agent Sanchez concluded that the four rounds of .38 special caliber ammunition stamped "FEDERAL" found inside the Rossi revolver were manufactured by Federal Cartridge Co. in Minnesota, Idaho, or Missouri. Since the ammunition was not manufactured in California but was recovered in California, Special Agent Sanchez concluded that it must have been shipped or transported in interstate or foreign commerce.

18.  On April 15, 2026, Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Donovan Manning examined the ammunition that was discovered on top of the mechanic's toolbox and in CARRION's room in the motorcycle shop.

19.  Special Agent Manning concluded that: (1) the 20 rounds of Hornady .410 caliber ammunition were manufactured by Hornady in

Nebraska; (2) the 33 rounds of Remington .410 caliber ammunition were manufactured by Remington or another subsidiary of the Kinetic group in either Connecticut or Arkansas; (3) the six rounds of Winchester .357 caliber ammunition were manufactured by Winchester or another subsidiary of the Olin Corporation in either Illinois or Mississippi; and (4) the nine rounds of SIG 9mm caliber ammunition were manufactured by Sig Sauer in Arkansas. Since the ammunition was manufactured in states other than California but was recovered in California, Special Agent Manning concluded that it must have traveled in interstate commerce.

## IV. CONCLUSION

16.  For all of the reasons described above, there is probable cause to believe that CARRION violated 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition on or about October 24, 2025.

Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone on
this 14th day of May, 2026.

THE HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE